# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-25
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

**Instructions are on page 2.**

**For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: www.jud.ct.gov/ADA/**

STATE OF CONNECTICUT
JUDICIAL BRANCH
**SUPERIOR COURT**
*www.jud.ct.gov*

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 54 West Main Street, Meriden, CT06451 | ( 203 ) 238 – 6667 | August 18, 2026 |

| | At *(City/Town)* | Case type code *(See list on page 2)* |
|---|---|---|
| ☒ Judicial District ☐ Housing Session ☐ G.A. Number: ___ | New Haven at Meriden | Major: T Minor: 90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| LOUGHLIN FITZGERALD, P.C., 150 S. Main Street, Wallingford, CT 06490 | 034583 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 203 ) 265 – 2035 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case. Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13) ☐ Yes ☐ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book:

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| First plaintiff | Name: Figueroa, David, P.,<br>Address: 56 Windsor Avenue, Meriden, Ct 06451 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: Comcast Cable Communications Management LLC,<br>Address: 1701 John F. Kennedy Blvd, Philadelphia, Pa. 19103; Agent for Service: Corp. Serv. Co., 225 Asylum, Ha | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.

**The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | | Name of person signing |
|---|---|---|---|
| 7/9/2026 | [signature] | ☒ Commissioner of Superior Court<br>☐ ______ Clerk | John F. Conway |

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

*For Court Use Only*
File Date

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|
| | | | |

Print Form



Reset Form

| | | |
|---|---|---|
| RETURN DATE: AUGUST 18, 2026 | : | SUPERIOR COURT |
| DAVID FIGUEROA | : | J.D. OF NEW HAVEN |
| v. | : | AT MERIDEN |
| COMCAST CABLE COMMUNICATIONS MANAGEMENT LLC d/b/a COMCAST/XFINITY | :<br>: | JULY 9, 2026 |

**COMPLAINT**

**FIRST COUNT: (CONSTRUCTIVE DISCHARGE)**

1. At all times relevant hereto, Plaintiff, David Figueroa ("Plaintiff") was a resident of Meriden, Connecticut.

2. Defendant Comcast Cable Communications Management LLC d/b/a Comcast For Xfinity ("Defendant") is a limited liability corporation organized under the laws of the State of Delaware with a principal place of business of 1701 John F. Kennedy, Blvd., Philadelphia, PA 19013.

3. Defendant is authorized to conduct business in the State of Connecticut, including at a retail sales store located at 248 New Britain Avenue, Plainville, CT 06062 ("the Comcast Store").

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Defendant hired Plaintiff as a Retail Sales Consultant on or about February 2, 2026.

6. At all relevant times hereto, Defendant employed Sully Fuentes Peterson ("Ms. Peterson") as the Store Manager at the Comcast Store. Ms. Peterson was plaintiff's direct supervisor.

7. At all times relevant hereto, Ms. Peterson was an employee, agent, apparent agent and/or servant of Defendant.

8. At all relevant times hereto, Defendant employed Maranda Cody ("Ms. Cody") as a Regional Manager. Ms. Cody had supervisory responsibilities over the Comcast Store and was Ms. Peterson's supervisor.

7. At all times relevant hereto, Ms. Cody was an employee, agent, apparent agent and/or servant of Defendant.

8. Plaintiff's duties and responsibilities as a Retail Sales Consultant at the Comcast Store included interacting with retail customers and selling Comcast services to customers.

9. Defendant did not inform the Plaintiff prior to his acceptance of Defendant's offer of employment that the Comcast Store has a policy of subjecting Retail Sales Consultants to public assaults by co-workers—at the direction of Ms. Peterson, the store manager—for the purpose of increasing Defendant's sales and profitability.

10. From the beginning of Plaintiff's employment with the Defendant, and leading up and until Plaintiff's constructive discharge on February 27, 2026, Plaintiff was repeatedly exposed to a violent and hostile work environment. This intolerable environment was created by specific

policies at the Comcast Store designed and implemented by Plaintiff's manager—Ms. Peterson—for the purpose of bullying and intimidating Retail Sales Consultants—like Plaintiff—to meet sales goals and receive positive customer survey responses or be subject to violent and humiliating assaults in front of co-workers. These assaults were videotaped by Ms. Peterson. These policies had the purpose and/or effect of substantially interfering with Plaintiff's work performance and/or created an intimidating, hostile, or offensive working environment.

11. Specifically, for the entire time Plaintiff was employed by the Defendant, Defendant had a policy that the highest-ranked Retail Sales Consultant for the prior month was instructed by his or her supervisor—Ms. Peterson, the Comcast Store manager—to tie the lowest-ranked sales consultant for the prior month to a chair in the back office and thereafter assault that person by violently smashing a cream pie in their face. Ms. Peterson maintained a publicly-posted chart in the Comcast Store's back office which (i) ranked the Store's sales staff and (ii) identified the employees who either had been recently assaulted or were scheduled to be assaulted in this way.

12. A photograph taken by the Plaintiff providing a true and accurate depiction of this chart—created and maintained by Defendant's employees on Defendant's property—is set forth

below:




*Fig. 1: Chart*

13. Ms. Peterson, in her role as the supervisor of the Store's Retail Sales Consultants, ordered her staff to participate in these assaults and to video them, which assaults caused physical injury, shame, and humiliation to the co-worker being publicly assaulted.

14. On February 25, 2026, Plaintiff witnessed and videotaped a co-worker, Ty, being tied-up and assaulted by a co-worker in the backroom of the Comcast Store. Ms. Peterson ordered, was present for, and videotaped this assault, as did the Plaintiff and other co-workers. The co-worker who struck Ty in the face while Ty was tied-up had better sales results than Ty and, therefore, Ms. Peterson ordered him to assault his poorer performing co-worker, in front of his peers.

15. During his employment with the Defendant, the Plaintiff was also informed by a co-workers, Eric and Taisha, that Ms. Peterson had ordered a co-worker to assault with a pie the Comcast Store's Assistant Sales Manager, Jania, because Jania had received a poor survey score from a customer. The Plaintiff viewed a video of Jania being assaulted on a co-worker's phone.

16. On February 27, 2026, the Plaintiff called Ms. Cody and informed her that the Defendant's shocking policies of ordering the sales staff to gather in the back of the store to witness under-preforming workers being tied-up and violently assaulted by co-workers in order to increase Defendant's revenues made him feel uncomfortable and caused him concern as to whether he could continue being employed by the Defendant and subject to these violent, management-created, and management-enforced policies and practices.

17. Ms. Cody instructed the Plaintiff to send her a text message memorializing his concerns and reasons for wanting to resign. Plaintiff sent Ms. Cody a test stating "I also felt uncomfortable with how the store handled reps not hitting certain metrics (tying them to a chair . . . and physically pieing them in the face.)"

18 Ms. Cody never responded to Plaintiff's text messages and complaints concerning the Comcast Store's hostile and violent work environment and the Plaintiff resigned his position with the Defendant.

19. Defendant—through its employees, servants, agents—intentionally created an intimidating, hostile, or offensive working environment through its active policy to promote its revenues and profits by ordering employees to tie down and physically assault under performing co-workers.

20. An objective, reasonable person in Plaintiff's position would have felt compelled to resign his employment as a result of this work atmosphere that Defendant—through its employees, servants, agents—created.

21. As a result of the pervasive, repeated, and ongoing threats of violence—and actual violence inflicted on co-workers not meeting sales goals—Plaintiff resigned his position with

Defendant, resulting in his constructive discharge from Defendant's employment.

22. The Defendant's managerially-created and -implemented policy of ordering employees to tie down and physically assault under-performing co-workers to promote the Defendant's revenues and profits constitutes a reckless indifference to the rights of others or an intentional violation of those rights.

23. The Defendant's managerially-created and -implemented policy of ordering employees to tie down and physically assault under-performing co-workers to promote the Defendant's revenues and profits is in violation of public policy of the State of Connecticut, including that employees should not be subject to assaults by co-workers for poor work performance.

24. Defendant's conduct has caused Plaintiff to suffer damages including, but not limited to, lost wages, compensatory damages, economic damages, loss of employment benefits, damage to reputation, and emotional distress, as well as loss of enjoyment of life.

25. As a further result of Defendant's conduct, Plaintiff has incurred, and will continue to incur, attorney's fees and costs.

**SECOND COUNT: (NEGLIGENT SUPERVISION)**

1-25. The plaintiff hereby repeats and realleges Paragraphs 1 through 25 of the First Count of the Complaint as Paragraphs 1 through 25 of this Second Count as set forth herein.

26. At all times relevant hereto, defendant reasonably should have known that the Comcast Store's management-team-instituted policies resulted in plaintiff, in the workplace, (a) being subjected to pervasive, repeated, and ongoing threats of violence and (b) being ordered to view actual violence inflicted on co-workers for not meeting sales goals.

27. At all times relevant hereto, Defendant reasonably should have known that the Comcast Store's management policies could cause harm to others, including other Comcast Store employees and Plaintiff.

28. At all times relevant hereto, Defendant had a duty to supervise its employees.

29. The pervasive and ongoing violent and humiliating policies to which Plaintiff was subjected was caused by Defendant's negligence in that it failed to properly supervise the Comcast Store's management team by allowing them to tolerate and sanction the violent and humiliating policies of ordering co-workers to assault under performing co-workers for the purpose of promoting the Defendant's revenues and profits.

30. As a result of Defendant's failure to properly supervise its employees, agents, apparent agents and/or servants, Plaintiff suffered a pervasive and ongoing fear of being subjected to management-condoned assaults and public humiliation in the workplace, leading to damages including, but not limited to, lost wages, compensatory damages, economic damages, loss of employment benefits, damage to reputation, and emotional distress, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for the entry of a judgment in his favor and against the Defendant, awarding the Plaintiff the following relief:

(1) Compensatory Damages, including but not limited to, economic damages, loss of employment benefits, emotional distress damages, damages for loss of reputation, enjoyment of life, and embarrassment;
(2) Back pay;
(3) Front pay;
(4) Past and future economic losses;
(5) As to the First Count, Common-Law Punitive Damages;
(6) Such other and further relief as in law or in equity may pertain.

Dated at Wallingford, Connecticut this 9th day of July, 2026.

THE PLAINTIFF,

By: ______________________

John F. Conway, Esq.
Loughlin, FitzGerald P.C.
150 South Main Street
Wallingford, Connecticut 06492
Phone: (203) 265-2035
Juris Number: 034583
His Attorneys

| | | |
|---|---|---|
| RETURN DATE: AUGUST 18, 2026 | : | SUPERIOR COURT |
| DAVID FIGUEROA | : | J.D. OF NEW HAVEN |
| v. | : | AT MERIDEN |
| COMCAST CABLE COMMUNICATIONS MANAGEMENT LLC d/b/a | : | |
| COMCAST/XFINITY | : | JULY 9, 2026 |

**STATEMENT OF AMOUNT IN DEMAND**

The amount in demand in the above-captioned matter is greater than Fifteen Thousand ($15,000) Dollars exclusive of interest and costs.

THE PLAINTIFF,

By: ____________________

John F. Conway, Esq.
Loughlin, FitzGerald P.C.
150 South Main Street
Wallingford, Connecticut 06492
Phone: (203) 265-2035
Juris Number: 034583
His Attorneys